[No. 15006.    Department Two. — August 15, 1893.]

THE CITY OF MONTEREY, APPELLANT, *v.* MARIA MALARIN ET AL., RESPONDENTS.

STREET — PUBLIC USER OF LAND — DEDICATION — INTENTION OF OWNER. — The mere use of a strip of land by the public as a street in a city for a period of twenty years, without the assent of the owner, is not sufficient to constitute such strip a public street, but the intention of the owner is absolutely essential in order to constitute a dedication to the public use of such strip of land, as well as the acceptance and user thereof by the public for this purpose.

APPEAL from a judgment of the Superior Court of Monterey County.

The facts are stated in the opinion of the court.

*W. A. Kearney,* for Appellant.

A street remains such until vacated in some regular way and by some proper authority, and a person cannot by lapse of time acquire the right to obstruct it. (*People* v. *Pope,* 53 Cal. 451; *Hoadley* v. *San Francisco,* 50 Cal. 274; *Visalia* v. *Jacob,* 65 Cal. 435; 52 Am. Rep. 303.) It is true that it is not found as a fact that the owner of the land had knowledge of the use, but this was unnecessary, as section 2619 of the Political Code, as it stood prior to 1870, was in the nature of a statute of limitations, and knowledge of the use was immaterial. (*Bolger* v. *Foss,* 65 Cal. 251; Thompson on Highways, p. 55.) The intention to dedicate will be presumed from lapse of time. (Dillon on Municipal Corporations, p. 603; Thompson on Highways, p. 56; *Doherty* v. *Thayer,* 31 Cal. 141.)

*S. F. Geil,* and *W. M. R. Parker,* for Respondents.

It is not found by the court that the owners of this land ever knew of its use by the public as a street, or that it was ever so used with their acquiescence or consent. In such cases the intention on the part of the owners to dedicate must clearly appear. (*Harding* v. *Jasper,* 14 Cal. 642; *San Francisco* v. *Canavan,* 42 Cal. 541; Thompson on Highways, p. 62.)

FITZGERALD, J.—This is an action by the city of Monterey, a municipal corporation, to abate an alleged public nuisance caused by the obstruction of an alleged public highway of that city, and to enjoin the defendants from further maintaining the same. The complaint in substance alleges that plaintiff is the owner and entitled to the possession and control of the land therein described, and that the same is a public street within its corporate limits; that defendants have erected and maintained upon said street certain buildings and fences which obstruct the street and are a nuisance. These allegations are specifically denied by the answer. Defendants had judgment, and plaintiff appeals upon the judgment roll alone.

The court in its decision found:—

"2. That plaintiff was not at the time of the commencement

of this action, nor at any time before or since, the owner, or entitled to the possession or control of the strip of land described in plaintiff's complaint, or any part thereof.

"3. That the defendant, Maria Malarin, is the owner in fee-simple of the tract of land described in the complaint, and that the other defendants herein occupy and possess said tract as the tenants of said defendant, Maria Malarin.

"4. That the defendant, Maria Malarin, and her grantors have been in the actual, open, notorious, exclusive, continuous, and adverse possession of all of the land described in the complaint herein, as owners, and have exercised acts of ownership over the same since 1870, and have during all that time built, kept, and maintained valuable buildings and improvements on the same.

"5. That such buildings and improvements have, during all the time since the year 1870, been by said defendant, Maria Malarin, erected and maintained in such a manner as to entirely obstruct and prevent any use of the land described in the complaint, or any part thereof, as a public street or highway.

"6. That that portion of the land set out in the complaint described as follows, to wit: (description omitted), was open and unenclosed, and was a convenient way of travel for the public from Alvarado to Tyler Street, and it was traveled and used continuously and uninterruptedly by the public as and for a public highway or street in said city of Monterey for more than twenty years immediately prior to the year 1870, and the same was known as Spence or Pence Street, but since the year 1870 no part of the said land has been traveled over or used in any respect by the public as a street or otherwise; that neither the board of supervisors of Monterey County nor the city authorities of Monterey city have ever accepted the said land as a street, or road, or highway.

"7. That no part of the land described in the plaintiff's complaint is a public street known or called Spence Street, or any other street, or any part of a public street within the corporate limits of the city of Monterey, or elsewhere, and that the buildings, houses, sheds, and fences erected and maintained upon said premises are not an obstruction or an encroachment on any public street, and do not constitute a nuisance in any public street or highway.

"8. That prior to the year 1835, the pueblo of Monterey was the owner in the fee of the lands and premises described in the complaint herein, that in said year said pueblo by its legally constituted authorities conveyed its title to Jose Maria Herrera as a pueblo lot, that since said conveyance to the defendant, Maria Malarin, has by mesne conveyances from said Jose Maria Herrera acquired and now holds the whole of the title so conveyed from said pueblo for said tract of land."

It is claimed by appellant that the findings do not support the judgment. This claim is urged upon the ground that the use of the strip of land described in the complaint by the public, as found by the court in its sixth finding, was such as to constitute it a public street within the meaning of section 2619 of the Political Code; that said section is in the nature of a statute of limitations, therefore a finding by the court of knowledge by the owner of such user was not material or necessary.

The section referred to provided that "all roads used as such for a period of more than five years are highways." This section was enacted subsequent to 1870, and was repealed by the act approved February 28, 1883; nor was there any such general or local law upon the subject applicable to or concerning public highways in Monterey County prior to 1870. The intention of the owner was, therefore, absolutely essential in order to constitute a dedication to the public use of the strip of land in question, and the acceptance and user thereof by the public for this purpose are indispensable to the validity of the dedication, but such acceptance may be shown by mere user without any formal action in relation thereto by the municipal authorities.

As there is no finding by the court that the owner ever intended or offered to dedicate to the public the strip of land referred to for a public street, or ever acquiesced in or assented to the use thereof for such purpose, or ever had any knowledge of such use by the public, or that the municipal authorities ever performed any act or recognized or asserted any right whatever thereto, it follows that the judgment appealed from should be affirmed, and it is so ordered.

DE HAVEN, J., and MCFARLAND, J., concurred.

Hearing in Bank denied.