[L. A. No. 512.   Department One.—July 26, 1899.]

## CITY OF LOS ANGELES, Appellant, v. E. F. KYSOR, Respondent.

125   463
f134  610

Public Park—Dedication—Intention—Question of Fact—Conflicting Evidence.—The dedication *in pais* of a public park, or of land to any public use, can never be a matter of law. The owner's intention is the all important element in creating a dedication, and is a question of fact; and a finding of "no dedication" cannot be disturbed where the evidence is conflicting, though the preponderance of the evidence may be in favor of the dedication.

Id.—Recorded Map Showing Park—Sales of Lots—Offer of Dedication—Public Acceptance—Revocation.—The record of a map, with the designation of streets and parks thereon, and the sale of lots by such map, whatever effect it may have upon the individual rights of the lot-owners, cannot conclusively establish the dedication of a park designated thereon to public use; but, treating it as an offer of dedication thereof, a finding of "no dedication" will be sustained, where no public acceptance of the offer is established, and the evidence tends to show a revocation of the offer.

Id.—Evidence of Revocation—Contract of Sale.—A contract for the sale of a park tract designated as such upon the recorded map is evidence tending to show a revocation of the offer to dedicate the park to public use.

Id.—Acceptance by Public—Partial Use for Pleasure Purposes—Private Ownership.—Where there was no evidence of any act of acceptance of the park by the city, the mere occasional use of a portion of the grounds for picnics and other pleasure purposes, being consistent with private ownership, which was in fact exercised over the tract, cannot establish an acceptance of the park as such by the public, against a finding of "no dedication."

Id.—Implied Acceptance—Finding against Acceptance.—An acceptance of an offer to dedicate may be presumed or implied in many cases; yet a finding of fact that there never was an acceptance will rarely be set aside by an appellate court, where the claim of acceptance is based upon presumption or implication alone.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

W. E. Dunn and F. J. Thomas, for Appellant.

The recorded map and the sale of lots thereby constituted an offer to dedicate the parks and streets designated thereon to public use. (*Logan v. Rose*, 88 Cal. 263; *San Leandro v. Le Breton*, 72 Cal. 174; *Harding v. Jaspar*, 14 Cal. 648.) There was an implied acceptance and a. dedication of the park to the use of the public, which was irrevocable. (Elliott on Roads and Streets, 91, 97, 111; 17 Am. & Eng. Ency. of Law 400, 411; *San Leandro v. Le Breton, supra; Archer v. Salinas City*, 93 Cal. 43; *Stone v. Brooks*, 35 Cal. 497; *Smith v. Heath*, 102 Ill. 130; *Carter v. Portland*, 4 Or. 340; *Huber v. Gazley*, 18 Ohio, 18; *Abbott v. Mills*, 3 Vt. 521; 23 Am. Dec. 222; *Methodist etc. Church v. Hoboken*, 33 N. J. L. 13; 97 Am. Dec. 696.) The intention of the owner is to be ascertained and judged by his acts. (Elliott on Roads and Streets, 92; *Indianapolis v. Kingsbury*, 101 Ind. 200-13; 51 Am. Dec. 749.) The length of user by the public is immaterial. (*Rees v. Chicago*, 38 Ill. 322.)

Bicknell, Gibson & Trask, for Respondent.

No presumption of acceptance arises in this state from a mere offer to dedicate. (*Archer v. Salinas City*, 93 Cal. 52, 53; *Koshland v. Spring*, 116 Cal. 690, 698.) There is no such thing as a dedication between the owner and individual purchasers. (*Prescott v. Edwards*, 117 Cal. 298; 59 Am. St. Rep. 186; *Sacramento v. Clunie*, 120 Cal. 29.) The user of the so-called park was wholly consistent with private ownership of the ground. (Elliott on Roads and Streets, 131.)

GAROUTTE, J.—This action is brought to quiet title, and the city appeals. It is claimed that the tract of land involved is a public park and made so by dedication. The trial court, after hearing the evidence, made a finding of fact to the effect that there had never been a dedication of the land to public use, and this appeal is mainly directed to an attack upon that finding. The salient facts are briefly these:

The defendant was the owner of a large tract of land adjoining the city of Los Angeles. He entered into a contract to sell this land to the Vernon Street Railway Company. Under this contract the railway company took a joint possession of the property. This land was to be immediately subdivided into lots and

blocks and placed upon the market for sale.   Thereafter, the parties filed a map of the tract in the recorder's office, showing a subdivision thereof into blocks and lots and streets.   The tract involved in this litigation was marked upon the map as "Central Park."   Thereafter the defendant and the railway company entered into a contract with Gillis and others, whereby they agreed to sell to Gillis et al. the tract marked "Central Park," in consideration that said Gillis et al. should keep "said premises as a public park for a period of not less than twenty-five years." Shortly thereafter this agreement was canceled.   Subsequently the railway company quitclaimed to defendant all its interest in and to the tract.   Both prior to this deed and subsequent thereto defendant conveyed many lots in said tract to purchasers by reference to the aforesaid map.   This tract was located upon the line of the road of the railway company, and during all these times was open to the public.   There are various small matters of evidence bearing upon the question of dedication, which we pass by without detailed mention.

It is said in *San Francisco v. Grote*, 120 Cal. 62; 65 Am. St. Rep. 155: "It is not a trivial thing to take another's land, and for this reason the courts will not lightly declare a dedication to public use.   It is elementary law that an intention to dedicate upon the part of the owner must be plainly manifest."   In the face of the rule here declared, we are asked to reverse a finding of fact to the effect that no dedication took place, upon the ground that there is no material evidence to support it.   We cannot reverse this finding of "no dedication," if there is a substantial conflict in the evidence.   We cannot set aside the finding even though the evidence should be found to largely preponderate against it.   As said in *Sacramento v. Clunie*, 120 Cal. 32: "Even conceding this evidence sufficient to support a finding of dedication, still it is not sufficient to reverse a finding of 'no dedication.' "   In all those cases where it is claimed that a dedication is created *in pais* it may be said that there is no amount of evidence which will justify a court in instructing a jury that dedication is conclusively shown.   The owner's intention is the all-important element in creating a dedication, and that intention is a question of fact.   It never can be a matter of law. Hence, when the person's intention in doing an act is the all-

important element involved in the trial of a question of fact, it is peculiarly the province of the jury, or the trial court, to say what that intention is; and here this court, in view of the test which must be applied, cannot say that the solution made of this question of fact by the trial court was wrong.

Dedication is the joint effect of an offer by the owner to dedicate land, and an acceptance of such offer by the public. Only two parties are necessary to a dedication, the owner upon the one side and the public upon the other. There can be no dedication without the participation of both; and no dedication can be stronger or more binding by the participation or intervention of others. The offer of the owner to dedicate may be manifested in a hundred different ways; and the acceptance of the offer by the public may be manifested in a like number of ways. Again, the fact that the owner sells lots by reference to a map of the tract, duly recorded, is not at all conclusive evidence of a dedication to the public of the streets and parks platted upon the map. It is but some evidence of dedication—evidence weak or strong according to the circumstances of each particular case. It is said in *Prescott v. Edwards*, 117 Cal. 301; 59 Am. St. Rep. 186: "There is no such thing as a dedication between the owner and individuals. The public must be a party to every dedication. Some of the cases say that platting a tract of land, recording the plat, and selling lots by reference to such plat, constitute a dedication of the streets in favor of the purchasers of these lots, even though the dedication to the public is not perfected and completed. The statement is not correct as a legal principle, as may be seen from what has already been said."

Whatever may be the legal rights of the purchasers from defendant of the lots marked upon the recorded plat, by reference to the plat, is a matter not before us. It is said in *Sacramento v. Clunie, supra:* "In the consideration of the question here presented it must be borne in mind that the litigation is alone between the owner and the city. The question is purely one of dedication. The rights of the owners of the blocks who may have purchased from the parties filing the map are not involved. Such sales may be some evidence of intention to dedicate, but nothing more. The respective rights of owners rest upon other and different principles of law." As conclusively de-

monstrating that the filing of a plat in the recorder's office, exhibiting upon its face blocks, lots, and streets, followed by sales of lots according to the plat, does not necessarily dedicate the street marked upon the plat to public use, we have but to cite cases like *Schmitt v. San Francisco,* 100 Cal. 307, where *Archer v. Salinas City,* 93 Cal. 53, is quoted with approval to the following effect: "The owner, after selling some of the lots according to such map, might either with the consent of the purchasers, or if he should himself repurchase all of the lots so sold, withdraw such offer at any time before the public had acquired any interest in the streets, either from formal acceptance or by actual user." Of course, if the afore-mentioned acts had constituted a dedication of the streets to public use, there could be no such thing as a revocation of that dedication by the owner.

Conceding that the acts done by the defendant and the railway company in making and recording the plat constitute an offer of dedication, still there is evidence of revocation of that offer, and also but slight evidence of the acceptance of the offer. As we have heretofore shown, an intention to dedicate must be plainly manifest or there is no offer. In this case, the particular tract of land in dispute is designated upon the plat as "Central Park." If it had been designated thereon as "Private Park" it could not be claimed for a moment that an intention to dedicate it to the public was plainly manifest by the filing of the plat. Again, if it had been designated upon the plat as "Public Park," the intention to dedicate would be quite apparent. Now in the present case it is designated as "Central Park." Certainly, under such designation, the intention of the owner is not as plainly manifest as in either of the illustrations we have cited. Yet, assuming an offer to dedicate this tract as a public park was made by the owner, still the finding of "no dedication" should be sustained. The act of defendant and the railway company in contracting a sale of this park tract to Gillis and others was evidence strongly tending to show a revocation of the offer to dedicate. No evidence of any act of acceptance by the city of the offer to dedicate can be found in the record anywhere, either prior or subsequent to this contract of sale. A portion of the grounds was used by the public for picnics and other pleasure purposes, and this was all. The city bases an

acceptance of the offer largely upon this ground; but such use was entirely consistent with the ownership by the defendant and the railway company. Indeed, all and every kind of ownership was exercised over this tract by defendant, the railway company, and Gillis and others, during all these years; and nothing was ever done by the city to indicate a claim of interest upon its part. While an acceptance of an offer to dedicate may be presumed or implied in many cases, yet a finding of fact that there never was an acceptance will rarely be set aside by an appellate court where such claim of acceptance is based upon presumption or implication alone. There are a few other matters of evidence which we have not stated in detail, some looking favorably to a dedication, and others looking the other way. They do not change the result, and the finding of no dedication to public use by the owner of the tract marked "Central Park" will not be set aside. The evidence is ample to sustain that finding.

We have carefully examined the errors of law relied upon by appellant, but find nothing suggested therein demanding a new trial of the cause.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and McFarland, J., concurred.