[Civ. No. 2268.    First Appellate District.—December 21, 1917.]

ROSCOE WHEELER et al., Appellants, v. CITY OF OAKLAND (a Municipal Corporation) et al., Respondents.

DEDICATION — PUBLIC USE — INTENTION — EVIDENCE. — An offer of the owner of land to dedicate it for public use may be established in every conceivable way in which such intention can be manifested. The vital principle is the intention to dedicate; and whenever this is unequivocally manifested, the dedication, so far as the owner is concerned, has been made.

ID. — DEDICATION OF STREET — DEED BETWEEN PRIVATE PERSONS. — Where the owner of land makes a conveyance thereof and in the deed also conveys a ten-foot strip for street purposes, he thereby dedicates such strip to public use, although the public is not a party to the instrument, and upon an acceptance by the public a complete and perfect dedication is created.

ID. — NONUSER OF DEDICATED STREET. — The rights of the public in a dedicated street cannot be lost by nonuser or delay in the use or by a mere temporary abandonment of such use.

ID.—TITLE BY ADVERSE POSSESSION.—Title to a public street cannot be acquired by adverse possession.

ID. — REVOCATION OF OFFER OF DEDICATION — STRANGER TO TITLE.—A stranger to the title cannot revoke an offer of dedication of land for a public street.

ID.—PAYMENT OF TAXES—ERECTION OF IMPROVEMENTS—ESTOPPEL.— The payment of taxes on a strip of land dedicated as a public street; the erection of certain improvements thereon, and the recognition of private ownership in an adjacent owner, does not estop the municipality from claiming the land as public street.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

H. W. Brunk, and William O. Minor, for Appellants.

Paul C. Morf, City Attorney, and John J. Earle, Deputy City Attorney, for Respondents.

KERRIGAN, J.—By this action plaintiffs claim ownership to a strip of land ten feet in width by four hundred feet in depth, and complain of an alleged trespass upon said property by defendants, and they seek damages for injuries committed and an injunction to restrain a recurrence thereof.

Defendants, a municipal corporation and its superintendent of streets, justify the acts complained of on the ground that the land in question is a portion of a public street, which it is the purpose and intention of defendants to improve and maintain as such. Defendants claim in that behalf that the ten-foot strip constitutes the westerly portion of Thirty-sixth Avenue, one of the public highways and thoroughfares of the city of Oakland, and base such contention upon the following facts:

On July 19, 1876, one James Lane, being then the owner of the land in dispute and of contiguous territory, granted to Joseph B. Hogarty a lot fifty feet wide by four hundred odd feet in depth, and in this same instrument also conveyed the ten-foot strip adjacent to said lot on its easterly side, with the express limitation that it was to be used for street purposes, this strip being the land now in controversy. The description in said deed also referred to certain lot and block numbers as well as to certain streets, all as contained on a certain map, describing it. On September 24, 1878, Hogarty,

the grantee in said deed, not having theretofore conveyed any of the property thereby acquired, caused to be filed in the office of the county recorder of Alameda County the map referred to in his deed, on which map were delineated lot and block numbers corresponding to those mentioned in the conveyance to him, and also certain streets called Lane and Washington Streets, together with a delineation of the county road of San Leandro. Thereafter, on the twenty-seventh day of September, 1878, Hogarty granted to Henry C. Edgerly the lot of land fifty feet in width. The land so conveyed was described as bounded on the east by Lane Street with appropriate reference to the map filed by Hogarty. Subsequently and on the tenth day of August, 1883, H. Edgerly conveyed to one Sandford Bennett the same fifty feet of land which he had acquired from Hogarty. Thereafter, on April 21, 1884, said Bennett made a conveyance to Roscoe Wheeler, plaintiff herein, purporting to grant a lot sixty feet in extent, which included not only the land acquired by him from Edgerly and to which he had record title, but also the ten-foot strip here in dispute, to which he had no title whatever. Roscoe Wheeler and his various successors in interest have claimed title to the entire sixty feet at all times since April, 1884, have maintained a fence inclosing the whole thereof until the commission of the acts here complained of, and have paid taxes thereon.

Defendants claim that the strip in question became a part of the city of Oakland by annexation in the fall of 1909 when the council of that municipality subsequently adopted an ordinance accepting all dedications and offers thereof theretofore made of land for public street purposes then within the city. In March, 1915, defendants removed a fence and other obstructions maintained by plaintiff upon the ten-foot strip in dispute, and opened the same as a portion of the roadway of Thirty-sixth Avenue.

Plaintiffs admittedly have no record title to this strip of land. Bennett had none when he conveyed to Wheeler; Edgerly had none when he conveyed to Bennett, nor did he purport to grant any. Plaintiffs' title, if any they have, rests, therefore, upon adverse possession together with payment of taxes. Defendants, on the other hand, rely upon the offers of dedication contained in the deed from Lane to Hogarty followed by his conveyance to Edgerly by reference

85 Cal. App.—43

to said map, such offers, it is claimed, having been accepted and converted into established and irrevocable dedications by user.

Judgment went for defendants in the court below, from which judgment and from the order denying a new trial plaintiff appeals.

As grounds for reversal it is first insisted that the deed of Lane simply purports to be a conveyance to an individual, and does not constitute an offer to dedicate, the public not being a party to it. But the authorities establish the principle that an offer of the owner of land to dedicate it for public use may be established in every conceivable way in which such intention can be manifested. (*City of Los Angeles* v. *Kysor*, 125 Cal. 463, [58 Pac. 90]; *People* v. *Laugenour*, 25 Cal. App. 44, [142 Pac. 888]; *Sussman* v. *San Luis Obispo Co.*, 126 Cal. 536, [59 Pac. 24].) The vital principle of dedication is the intention to dedicate; and whenever this is unequivocally manifested, the dedication, so far as the owner is concerned, has been made. (*Smith* v. *San Luis Obispo*, 95 Cal. 463, [30 Pac. 591].)

While it is true that a provision in a grant, bargain, and sale deed, whereby the parties agree that the land conveyed shall be used as a public street, may be a mere covenant between them, still an intention to dedicate may arise therefrom, and upon acceptance by the public a complete and perfect dedication is created. Here Lane expressly declared in his deed to Hogarty that the strip in controversy was to be used for street purposes. The sale was made with reference to a map subsequently filed and recorded by Hogarty showing this and other streets contiguous thereto, and the description in the deed referred to this map. We think these acts indicated a clear offer to dedicate the roadway to the public, requiring only an acceptance to render it a binding and irrevocable dedication. (*City of Eureka* v. *Armstrong*, 83 Cal. 623, [22 Pac. 928, 23 Pac. 1085].)

The trial court found upon sufficient evidence that there was an acceptance by public user, and that such user was sufficient in extent to constitute a valid acceptance of the offer of dedication.

The suggestion by appellants that this evidence at most showed but a casual use which might be referable to a license is without merit. In considering the extent of the use made

by the public of the strip in dispute, the fact that at the time of the dedication the land was situated in a sparsely settled suburban community, and where travel over it was not very great, is to be considered. Concluding, as we do, that there was a valid acceptance by public use, it becomes unnecessary to discuss the question as to whether or not the acceptance by ordinance was impaired by lapse of time.

Again, it is urged as grounds requiring a reversal that the deed relied upon as constituting an offer to dedicate conveyed nothing, for the reason that the description was defective. In this behalf it is claimed that in the description by metes and bounds the initial point given is indeterminate. Conceding this to be true, the property was further described by reference to lot and block numbers appearing on the map to which reference was made in the deed, and which reference makes definite and certain the land conveyed. This map was offered in evidence, and was admissible in explanation and amplification of the description in the deed, though not recorded until after the deed was made. (*Redd* v. *Murry,* 95 Cal. 48, [24 Pac. 841, 30 Pac. 132].)

Appellants urge the further point that even assuming that the strip had been once accepted and used by the public, the plaintiffs have subsequent to such use obtained title thereto by adverse possession.

It is well settled that the rights of the public in a dedicated street cannot be lost by nonuser or delay in the use or by a mere temporary abandonment of such use. (Pol. Code, sec. 2621; *People* v. *Myring,* 144 Cal. 351, [77 Pac. 975].)

It is also an elementary proposition in this state that title cannot be acquired to a public street by adverse possession. (*Hoadley* v. *San Francisco,* 50 Cal. 265; *People* v. *Pope,* 53 Cal. 437; *San Leandro* v. *Le Breton,* 72 Cal. 170, [13 Pac. 405]; *Archer* v. *Salinas City,* 93 Cal. 43, [16 L. R. A. 145, 28 Pac. 839].)

With reference to the claim that, conceding a dedication to have been properly made, the same was subsequently revoked, it is sufficient to say that no revocation of the offer of dedication was ever attempted by anyone having any connection with the record title to the strip of land, and a stranger to the title had no power to revoke.

Nor do we think there is any force in the claimed estoppel. The circumstances made a basis of this claim consist of the

payment of taxes and the erection of certain improvements, stipulated as being of the value of one hundred dollars, and the further fact that the county of Alameda purchased a portion of the land claimed to have been dedicated but not included in the strip here in controversy. The payment of taxes did not raise an estoppel. (*San Leandro* v. *Le Breton*, 72 Cal. 170, [13 Pac. 405].) Neither did the expenditure for the improvements (*Sacramento* v. *Clunie*, 120 Cal. 29, [52 Pac. 44]), nor the recognition of private ownership in an adjacent owner. (*Mills* v. *Los Angeles*, 90 Cal. 522, [27 Pac. 354].)

And finally, the claim of the insufficiency of the width to constitute a public highway is without merit. At the time of the dedication there were in force local road laws applicable to the county of Alameda with reference to the width of public highways in that county. (Stats. 1867–68, p. 374.) Section 2 of that act provided that a public road should not exceed four rods in width. This was the only requirement provided for. There was, therefore, no limitation on the width of a public road other than specified.

For the reasons given the judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.