[Civ. No. 6256. First Appellate District,. Division One.—October 26, 1928.]

P. J. FITZGERALD et al., Respondents, v. E. O. SMITH et al., Appellants.

D. T. Jenkins and C. B. Wooster for Appellants.

Louis Oneal and Maurice J. Rankin for Respondents.

TYLER, P. J.—Action to restrain defendants from obstructing or interfering with the use by plaintiffs of a certain strip of land, claimed to be a public highway; to remove obstructions thereon and to establish a right of way over and across the same.

The strip of land in dispute is described as that certain roadway known and designated as Delmas Avenue as delineated upon a certain map entitled "Map of I. J. Truman's Subdivision No. 2 near Mountain View, California." On September 12, 1904, defendants' predecessor in interest, I. J. Truman, recorded this map, which shows Delmas Avenue as a twenty-foot roadway. The certificate attached thereto recites that the streets, roads, and alleys as shown thereon are dedicated to the use of the public forever. Plaintiffs are the owners of certain lots in what is known as the Wright and Gibson Tract, the westerly boundary of which tract is the easterly line of Delmas Avenue as is shown on the Truman map. The Wright and Gibson Tract was carved out of the Truman subdivision. Defendants are the owners of certain lots fronting on the westerly side of Delmas Avenue directly opposite the lands owned by plaintiff. Fremont Avenue is a main thoroughfare which forms an outlet to those having property on Delmas Avenue and it is an open traveled street forty feet in width. Plaintiffs allege that Delmas Avenue is their only means of ingress and egress from their lands to Fremont Avenue and they charge that defendants have planted trees in and upon said right of way and roadway so as to obstruct plaintiffs' passage and travel thereon and have plowed up the road and replaced the same with loose dirt to the extent that it interferes with plaintiffs' use thereof and has made said road difficult and hazardous for travel purposes. Defendants denied that plaintiffs were the owners of any right of way

or had any right to travel over the described strip of land, or that the same was the only means of ingress to or egress from plaintiffs' property to Fremont Avenue. They admitted the planting of trees, but denied that they in any way interfered with the use of the road. The trial court found in substance that plaintiffs were the owners of a right of way for travel over Delmas Avenue; that such right of way was the only means of ingress to and egress from plaintiffs' property to Fremont Avenue, and that defendants had obstructed it by planting trees and doing the other acts complained of. It further found that Delmas Avenue was, at all times mentioned in the complaint, a public road and highway; that plaintiffs' property abutted on said highway, and for more than six years last past they had maintained a dwelling-house thereon where they resided, and also a garage and other outbuildings. Upon these findings a judgment was entered declaring plaintiffs to be the owners of a right of way for all purposes of travel over and across said road and highway and defendants were enjoined from planting or maintaining trees thereon or from plowing it up or placing loose dirt thereon that might in any manner interfere with plaintiffs' use of the same for all purposes of travel. Defendants were also directed to remove the obstruction in the road. Several reasons are urged why the judgment should be reversed.

■ It is first claimed that there is no evidence to support the finding that Delmas Avenue is a public highway. The contention is without merit. Where an owner of a subdivision of land makes a map of the same and files it for record without reservation he thereby offers to dedicate the streets and roads shown thereon to public use and this is so even where there is no express declaration of dedication in the plat. Where, as here, there is such an express dedication the intention to dedicate is evident from the plat itself. ■ Upon acceptance by the public the dedication becomes complete and the power of revocation is gone. ■ The rights of the public thereafter to the use of the streets or roads thus dedicated is in no manner affected by the fact that the dedication has never been, as here, formally accepted by the municipal authorities (*San Leandro* v. *Le Breton*, 72 Cal. 170 [13 Pac. 405]; 18 Cor. Jur., p. 132). ■ The acceptance may be actual or implied, and it is as effectual

when made in one way as in the other. (*Venice* v. *Short Line Beach Land Co.,* 180 Cal. 447 [181 Pac. 658].) █ It is actual when formal acceptance is made by the proper authorities, and implied where a use has been made of the property by the public for such a length of time as will evidence an intention to accept the dedication. (*Smith* v. *San Luis Obispo,* 95 Cal. 470 [30 Pac. 591]; *People* v. *Laugenour,* 25 Cal. App. 44 [142 Pac. 888].) Here there is ample evidence to show that use was made of Delmas Avenue by purchasers of land abutting thereon under a claim of right, and by the public generally, since the recording of the map in 1904, and that such user was sufficient in extent to constitute a valid acceptance of the offer of dedication. Nor is there any merit in the claim that the use was of such a casual character as might be referable to a mere license. █ In considering the extent of the use the situation of the property is to be considered. (*Wheeler* v. *City of Oakland,* 35 Cal. App. 671–674 [170 Pac. 864].) █ The question of whether dedication of land for highway purposes has occurred is a conclusion of fact to be drawn from the circumstances of the particular case. ·(*Venice* v. *Short Line Beach Land Co., supra.*)

█ Nor is there any merit in the further contention that plaintiffs have no right to maintain their action, conceding Delmas Avenue to be a public highway, as there is no evidence to show that they have suffered special injury different than that suffered by the general public. The rule is well established that persons owning property abutting on streets or highways have such special property interest therein as entitles them to maintain a suit for the enforcement and preservation of such rights. █ Every lot fronting upon a street has, as appurtenances thereto, certain private easements in the street, which easements are a part of the lot, and are private property as fully as the lot itself. Any obstruction to the use of the street which impairs or destroys these easements is a private injury, special and peculiar to the owners of the lot and different and distinct from the injury to the general public and from which such owners may suffer as a part of the general public. █ As abutting owners, they have the right to private easements and may sue for damages or to enjoin the continuance of the injury thereto, regardless of the fact that the same obstruction also constitutes an injury

to his public right of travel, and regardless of the number of persons who may suffer a similar injury to similar private easements appurtenant to other lots fronting on the street. (*Williams* v. *Los Angeles R. R. Co.*, 150 Cal. 592 [89 Pac. 330]; *Strong* v. *Sullivan*, 180 Cal. 331 [4 A. L. R. 343, 181 Pac. 59]; *McLean* v. *Llewellyn Iron Works*, 2 Cal. App. 346 [83 Pac. 1082, 1085].) The injury in so far as it affects the value of their property is a right peculiar to the owners and any interference with it constitutes a private as well as a public nuisance. (*Voorheis* v. *Tidewater Southern Ry. Co.*, 41 Cal. App. 315 [182 Pac. 797]; *Cushing-Wetmore Co.* v. *Gray*, 152 Cal. 118 [125 Am. St. Rep. 47, 92 Pac. 70].)

The final contention is made that the trial court was without jurisdiction to order the removal of the trees, it being claimed that such power resides exclusively in the municipal authorities by reason of sections 2633 and 2742 et seq. of the Political Code. There is no question that under the provisions invoked municipal authorities have certain power of control over streets and highways including spaces occupied by trees, but no question concerning such statutory powers is here involved. These provisions have no application, as here, to suits to abate nuisances brought by one who suffers a special injury distinct from that suffered by the general public. ■ Any unlawful obstruction or interference with a highway is *per se* a nuisance, and an abutting owner has all the usual rights and remedies of the owner of a freehold concerning the same, including trespass, ejectment, action for damages, injunction or an action to remove an obstruction or abate a nuisance (*Hargro* v. *Hodgdon*, 89 Cal. 623 [26 Pac. 1106]). ■ The authority invested in municipal officers over roads and highways was never intended to prevent a court of competent jurisdiction from abating a nuisance maintained in violation of private rights. ■ The maintenance of trees as a part of an orchard and the cultivation of the same in the manner indicated constitutes a nuisance which the court had power to abate and remove.

Judgment affirmed.

Knight, J., and Cashin, J., concurred.