[Sac. No. 4213. In Bank.—July 16, 1929.]

CITY OF YUBA CITY, Respondent, v. CONSOLIDATED MAUSOLEUM SYNDICATE (a Corporation), Appellant.

Elliott, Atkinson & Sitton for Appellant.

Arthur Coates for Respondent.

PRESTON, J.—Inasmuch as this appeal involves merely a question of fact upon which ample evidence exists to support the findings made by the trial court, the judgment must be and is hereby affirmed.

The action is by Yuba City, a municipality, against the above-named defendant and appellant to enjoin the obstruction of the free use as a public street of a certain strip of land 30 feet wide and 230 feet long, claimed to be a portion of what is known as Aylor Street, in said town. Plaintiff had judgment as prayed. Admittedly the land lies in the projection of what is conceded to be Aylor Street.

The court found that for five years last past the city had been in possession of said tract of land, had graded and graveled it and spent public funds in the improvement thereof as a public street; that in 1926, by proceedings had under the Improvement Act of 1911, the city had constructed, as a part of its sewerage system, a sewer line along and in the same; that defendant on December 7, 1927, erected a barrier across said right of way, thus preventing its use by the traveling public, and that, unless enjoined by the court, defendant would continue to exclude the city from the use of said street and would indefinitely delay its paving and otherwise do great and irreparable damage to plaintiff. The court further found that defendant was not the owner of the area in dispute, and if it had any interest whatever in it such interest was subject and subservient to the right and easement of said city to have and use said strip for street and highway purposes.

It was stipulated that in 1892 the Sutter City Lumber and Milling Company was the owner of the south half of lot 8 of Teegarden Addition to said city, and in that year subdivided a portion of said south half of said lot, which portion included the area in dispute, which was marked on the map filed by said company as a street. The greater portion of said south half of said lot, however, was not subdivided. The subdivided portion was laid out in streets and lots, lots 4, 5, 6, 7 and 8 thereof fronting upon the south line of said area here in question. On November 2, 1893, said owner conveyed the property to George W. Brown as "Lots 4, 5, 6, 7, and 8, according to a Map entitled 'Plot of the South half of Lot Eight in the Teegarden Addition to Yuba City' filed for record November 23rd, 1892, in the office of the

recorder of said Sutter County, in Book One of Maps, page 7.'' On May 22, 1916, said George W. Brown conveyed said property to E. B. Snook by the same description; on June 2, 1917, the estate of said E. B. Snook conveyed said property to defendant in this action, also by the same description.

It appears that from 1892 to 1923 the property was not opened up to the traveling public, but was inclosed and presumably cultivated. There is evidence that this condition existed continuously from the time the map was filed until February 23, 1923, upon which date the city accepted and approved the plat of what is known as the Shasta Tract, which is a plat of the north half of said lot 8, located immediately north of this area claimed as a street. This disputed area was shown on said map as a street and such portions of said south half as had been subdivided were also shown on said map. After the acceptance of said map of the Shasta Tract the city graded said disputed area as a street and from time to time thereafter improved it, and the public used it without hindrance until the erection of said barrier, on December 7th, 1927.

When the city, in August, 1926, initiated said proceeding under the Improvement Act of 1911, for the construction of its sewerage system, no protest was made by defendant against constructing a sewer line along and in said street. Again, when, on August 22, 1927, proceedings were instituted under the same act for the paving of said area, no protest was entered as to such improvement. In fact, nothing was done by way of protest until the erection of said barrier. The record also shows that said strip has never been given in as property for assessment purposes by any of the claimants and said area has never been assessed for taxes since the offer to dedicate made by the filing of the map in the year 1892.

It seems to be the contention of appellant that inasmuch as between 1892 and 1923, a period of thirty-one years, there was no formal acceptance or user of this area as a street, the offer to dedicate made by the filing of the map was revoked and that the evidence is insufficient to show a right by prescription to the use of said area for street purposes. But we find nothing in the record to show any change of attitude on the part of the owners of said contiguous area

from the time of the filing of said map to the seventh day of December, 1927, when the barrier was erected across said street. Apparently the property was used until 1923 in the same way as when the dedication offer was made. Consequently, the court was warranted in finding, as it impliedly did, that the offer to dedicate had not been withdrawn at the time of the implied acceptance by the city. ▮ Inasmuch as the court was warranted in so finding, no period of time after acceptance was necessary to constitute the area a public street; hence the doctrine of prescription is not a material issue in the matter.

Dedication and revocation of an offer to dedicate are questions of fact, and no good can be done the parties or the profession by an elaboration of a doctrine so well settled. In fact, a case similar to this was recently before the court. (*San Francisco Sulphur Co.* v. *County of Contra Costa, ante,* p. 1 [276 Pac. 570].)

Curtis, J., Langdon, J., Seawell, J., Waste, C. J., and Richards, J., concurred.