[Civ. No. 8669.   Third Dist.   July 5, 1956.]

SQUAW VALLEY LAND AND LIVESTOCK COMPANY (a Corporation), Appellant, v. PAUL AVERY et al., Respondents.

Samuel C. Shenk for Appellant.

Robert E. Shields for Respondents.

McMURRAY, J. pro tem.*—This is an appeal from a judgment by which the trial court denied the plaintiff's request for injunctive relief to prevent the defendants from continuing to use an access road from defendants' property to the street, which access road narrowed the street in front of plaintiff's property and prevented free ingress to and egress from a portion of plaintiff's property. Plaintiff also appeals from the decision of the trial court denying damages for the injury to the street which had been dedicated to public use by reason of the construction of this access road. The trial court awarded plaintiff damages for the permanent injury to its property caused by the construction of the access road and by reason of its loss of ingress to and egress from the portion of its property affected by the encroachment. By its complaint the plaintiff sought damages for the encroachment upon its property and also sought damages for the damage to the fee underlying the easement for right of way which arose from the dedication of the property to public use and in the alternative sought injunctive relief.

The court, acting within its fact-finding powers, found that there was damage to the plaintiff's property by reason of a certain cut and fill made in constructing the access road, a portion of which fill spilled over onto the plaintiff's property, but further found that the plaintiff had suffered no different or greater damage which was specially injurious to it than did the members of the general public by reason of the narrowing of that portion of the traveled way which was encroached upon by the cut made in building defendants' access road. On this appeal, plaintiff complains that the trial court erred in not granting an injunction against the continued existence of the encroachment upon plaintiff's property in the fee underlying the right of way granted by dedication at the time a subdivision was made of the property.

The plaintiff having elected to sue for damages as well as an injunction comes within the rule enunciated in *Slater* v. *Shell Oil Co.*, 58 Cal.App.2d 864 [137 P.2d 713], and cases

*Assigned by Chairman of Judicial Council.

therein cited. On page 870 of that opinion the court said:
". . . Where, therefore, a party elects to sue for damages past and prospective he is deemed to have waived the invasion and consented to the continued occupancy of the land. Such is the rule of the majority of the cases." (See also *Williams* v. *Southern Pac. Co.*, 150 Cal. 624 [89 P. 599]; *Rankin* v. *De Bare*, 205 Cal. 639 [271 P. 1050].)

"By awarding damages to the plaintiff for the damage done to its lot, it must be assumed that the court included in that assessment of damage the damage in the nature of waste which has been committed against the underlying fee owned by the plaintiff in the public highway since such interest could only exist by reason of plaintiff's ownership of the principal lot; and we believe that the court was correct in refusing to enjoin the continued use of the access roadway or the award of further damages for injury to the public way by reason of its narrowing.

"It cannot be said that the injuries suffered by plaintiff for which it has not received damages is any different from the injury which has been suffered by the general public. Under the state of the record here it would seem readily apparent that the plaintiff could have no private action for the damage incurred by the narrowing of the traveled way of the public highway." (*Gardner* v. *Stroever*, 89 Cal. 26 [26 P. 618]; *Hitch* v. *Scholle*, 180 Cal. 467 [181 P. 657]; *Siskiyou Lbr. & Mercantile Co.* v. *Rostel*, 121 Cal. 511 [53 P. 1118]; *McCloskey* v. *Kreling*, 76 Cal. 511 [18 P. 433].) Under these facts we cannot say that the court abused its discretion in failing to grant an injunction which is a remedy wherein the equities involved in the particular matter not only should be but must be carefully regarded by the court below. It is apparent that the court performed this duty and arrived at its conclusion well within the limits prescribed by established equitable principles.

The judgment appealed from is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.