[Civ. No. 6653.   Fourth Dist.   Apr. 30, 1962.]

ROSE MAY McKINNEY et al., Plaintiffs and Respondents, v. MARTIN A. RUDERMAN et al., Defendants and Appellants.

Warner, Sutton & Warner and Caryl Warner for Defendants and Appellants.

Slaughter, Schlesinger & Schlecht for Plaintiffs and Respondents.

Jerome J. Bunker, City Attorney (Palm Springs), as Amicus Curiae on behalf of Plaintiffs and Respondents.

COUGHLIN, J.—This is an appeal from a judgment determining the existence of a street by dedication.

The street in question runs east and west; appears upon a map hereinafter designated; separates Lots 12 and 13 of Section 23 as shown on that map; and for many years has been known as West Sunny Dunes Road.

The plaintiffs are the owners of a portion of the westerly 139 feet of Lot 12, which is north of and abuts West Sunny Dunes Road. Adjoining them to the east, the remainder of Lot 12 fronting upon this road is owned by people named Hawthorne. The defendants are the owners of Lot 13, which is across the street, the northerly 23 feet of which the plaintiffs claim is a part of the dedicated street.

The deeds by which these parties acquired their respective properties described the same by reference to the map in question, which is identified as a "Map of Palm Valley Colony Lands," recorded in the office of the County Recorder of San Diego County on January 15, 1891. This map was preceded by another which covered practically the same land, and was recorded on March 16, 1888. Both maps delineated the street in controversy. However, the earlier map divided government survey sections into tracts which in turn were divided into lots, whereas the latter map divided these sections into lots only; the lot numbers in the two maps were different, as were their size; the first map contained notations indicating that the lots extended to the center of the streets shown thereon and that: "The streets as platted in these sections are all 60 feet wide, so far as the streets run through the sections, with a half of a street, 30 feet wide, on the section lines," while the second map did not contain either of these notations. The significance to be attributed to the recording of the 1888 map lies in the contention of the defendants that the only

offer of dedication of the subject street was made through its recording and not by the 1891 recording. The materiality of this contention will be considered later.

Although the parties make no note thereof, the 1888 map carried a further notation which declared that the company filing the same owned the lands shown on the map and described in the notation, which did not include the property described as Lot 12 in the 1891 map, whereas in the later map that company indicated that it owned all of the property covered thereby.

In 1956 the defendants constructed a fence along the center line of West Sunny Dunes Road, which is north of the northerly line of Lot 13 as shown on the 1891 map, and filled in the space immediately south of the fence with potted plants, rendering that part of the road unuseable. Thereupon the plaintiffs filed this action seeking to enjoin the defendants from maintaining this obstruction; particularly described that portion of the road adjoining defendants' property but limiting the width thereof to 23 feet; referred to it as "the Southerly portion of West Sunny Dunes Road"; and alleged, among other things, that "for more than twenty (20) years last past, there has been and now is a public right of way extending along and upon the property" so described. It appears that 23 feet is the distance between the center of the road and a public utility pole line to the south thereof. The court found that the predecessors in interest of the subject land filed the 1888 and the 1891 maps which delineated a street upon the boundary line between Lots 12 and 13; that the filing of the 1891 map constituted an offer to dedicate the land so delineated as a street; that this offer never had been revoked or withdrawn; that "for more than twenty (20) years" prior to the filing of the instant action the strip of land referred to as the southerly portion of West Sunny Dunes Road was used by the general public; that said use consisted of "wagon travel, automobile travel, pedestrian use and the parking of vehicles and other equipment"; that commencing in the year 1930 the plaintiffs began to improve the land in question for street purposes; that the improvement thereof by the plaintiffs and others for such purposes continued to the commencement of this action; that the foregoing use and improvement occurred within a reasonable time after the offer of dedication; and that the plaintiffs' property abutting the road is occupied by various business establishments, the customers of which

were using the strip of land in question as a roadway.[1]  The evidence amply supports these findings.  The court concluded that the 23-foot strip "is a portion of a public street commonly known as West Sunny Dunes Road" and entered judgment enjoining the defendants from obstructing or preventing the use thereof by the plaintiffs or other members of the general public.  The defendants appeal from this judgment contending that it should be reversed upon the ground that the only offer of dedication is that implied from recordation of the 1888 map and the evidence does not sustain a finding of acceptance thereof within the time required by law; that the 1953 adoption of a zoning map by the City of Palm Springs constituted a quasi judicial determination, binding upon the plaintiffs, that the offer of dedication in question had not been accepted; that, by virtue of section 65551 of the Government Code, the trial court was not authorized to decree acceptance by user after 1947 without approval of the planning commission; that the trial court erred in not joining the owners of the remainder of Lot 12 fronting on the subject road, i.e., the Hawthornes; and that the obstructions in question constituted a public nuisance which the plaintiffs were not entitled to abate because they suffered no special damage therefrom.  The defendants also objected to the adequacy of the findings, particularly those with reference to use of the controversial strip of land as a road "for more than twenty (20) years."

Initially, the defendants contend that any offer of dedication was made by the recordation of the 1888 map; that section 748.5 of the Code of Civil Procedure raises a conclusive presumption of nonacceptance of an offer of dedication by map when the property subject thereto has not been used for the purpose indicated within a period of 25 years after filing of the map; and that there is no evidence of use of the roadway in question prior to 1915.  There was evidence that in 1915 rock wagons used the subject area as a roadway; that at this time, and for many years prior to 1931, it was part of the wash area in a branch of the Tahquitz River bed; and that improvement thereof for road purposes commenced in 1931.  The plaintiffs claim that evidence of acceptance by use of the road-

---

[1]Some of the foregoing findings of fact appear in that portion of a document entitled "Findings of Fact and Conclusions of Law" under the subtitle "Conclusions of Law." Findings of fact do not lose their characteristics as such because they are placed among the conclusions of law.  (*Lenchner* v. *Chase*, 98 Cal.App.2d 794, 802 [220 P.2d 921].)

way in 1915 is sufficient under the statute because the offer of dedication was contained in the 1891 map, which would bring the 1915 use within the 25-year period. The defendants counter with the further claim that the findings of fact do not establish with certainty any such use prior to the "more than" 20-year period specifically mentioned therein. Neither of the parties refer to the fact that section 748.5 of the Code of Civil Procedure was not adopted until 1955 which was more than 19 years after commencement of the "more than" 20-year period of use to which the findings specifically refer. However, in his written memorandum the trial judge stated: "The asserted conclusive presumption of Section 748.5 of the Code of Civil Procedure has been considered and, in view of the Court's findings on the evidence, has been found untenable."

■ A common-law dedication is effected by the offer of a landowner to dedicate his land to a public purpose and the acceptance of that offer by the public. (*Union Transp. Co.* v. *County of Sacramento,* 42 Cal.2d 235, 240 [267 P.2d 10]; *City of Los Angeles* v. *Kysor,* 125 Cal. 463, 466 [58 P. 90].)

■ The filing of a subdivision map delineating a street thereon is an offer to dedicate the land identified by such delineation to street purposes. (*San Francisco Sulphur Co.* v. *County of Contra Costa,* 207 Cal. 1, 6 [276 P. 570]; *County of Inyo* v. *Given,* 183 Cal. 415, 418 [191 P. 688]; *Smith* v. *City of San Luis Obispo,* 95 Cal. 463, 466 [30 P. 591]; *Harding* v. *Jasper,* 14 Cal. 642, 647; *Fitzgerald* v. *Smith,* 94 Cal. App. 480, 483 [271 P. 507].) ■ ■ Use of the land so identified by the public for such purposes over a reasonable period of time constitutes an acceptance of the offer so made (*City of Yuba City* v. *Consolidated Mausoleum Syndicate,* 207 Cal. 587 [279 P. 427, 66 A.L.R. 318]; *San Francisco Sulphur Co.* v. *County of Contra Costa, supra,* 207 Cal. 1, 6; *People* v. *Sayig,* 101 Cal.App.2d 890, 897 [226 P.2d 702]; *City of Santa Clara* v. *Ivancovich,* 47 Cal.App.2d 502, 508 [118 P.2d 303]), without any formal action in relation thereto by governmental authority (*City of Monterey* v. *Malarin,* 99 Cal. 290, 293 [33 P. 840]; *Smith* v. *City of San Luis Obispo, supra,* 95 Cal. 463, 470; *Fitzgerald* v. *Smith, supra,* 94 Cal.App. 480, 483)[2] and, if it precedes revocation of the

---

[2] A different rule applies in those instances where it is sought to impose liability upon a political subdivision for failure to maintain a dedicated street. As a condition to assertion of such liability it must be established that there has been "some official action consistent with an

offer (*Eltinge* v. *Santos,* 171 Cal. 278, 282 [152 P. 915]), the dedication forthwith becomes effectual and irrevocable. (*Union Transp. Co.* v. *County of Sacramento, supra,* 42 Cal.2d 235, 241; *Schwerdtle* v. *County of Placer,* 108 Cal. 589 [41 P. 448]; *People* v. *Reed,* 81 Cal. 70, 77 [22 P. 474, 15 Am.St.Rep. 22]; *Fitzgerald* v. *Smith, supra,* 94 Cal.App. 480, 483.)

Supplementing these rules is the requirement that the use which implies an acceptance must occur within a reasonable time after the offer is made. (*Niles* v. *City of Los Angeles,* 125 Cal. 572, 577 [58 P. 190]; *City of Santa Clara* v. *Ivancovich, supra,* 47 Cal.App.2d 502, 511.) What constitutes a reasonable time depends upon the circumstances in each case. (*City of Santa Clara* v. *Ivancovich, supra,* 47 Cal.App. 2d 502, 511.) The sufficiency of a use to constitute acceptance as well as the timeliness thereof ordinarily are matters which involve questions of fact. (*City of Yuba City* v. *Consolidated Mausoleum Syndicate, supra,* 207 Cal. 587, 599; *City of Santa Clara* v. *Ivancovich, supra,* 47 Cal.App.2d 502, 509-510.)

It should be noted that the offer of dedication by the maps under consideration in the instant case, as well as the use which the trial court determined constituted an acceptance thereof, occurred prior to the adoption of any applicable statutory method of dedication, such as that prescribed by the Subdivision Map Act (Bus. & Prof. Code, §§ 11500 et seq.) and, for this reason, the rules governing a common-law dedication control a disposition of the issues presented by this appeal. (See *Quacchia* v. *County of Santa Cruz,* 164 Cal.App. 2d 770 [331 P.2d 216].)

The evidence in this case presented an issue of fact as to whether the nature of the use and the reasonableness of the time within which it occurred were sufficient to constitute an acceptance of the offer to dedicate the subject land to street purposes. Not only did the trial court find that West Sunny Dunes Road had been used for "more than twenty (20) years" but it also found that the use in question "occurred within a reasonable time after the offer of dedication for street purposes." The evidence supports the conclusion that such use commenced not later than 1915. Under these circumstances, any ambiguity in the findings as to how much

acceptance of the dedication." (*Union Transp. Co.* v. *County of Sacramento, supra,* 42 Cal.2d 235, 243-244.) We do not purport in this opinion to pass upon the rights or obligations of the City of Palm Springs.

more than twenty years prior to commencement of the instant action the use in question first began is of no consequence. Other objections made to the findings also are without merit.

■ ''As to the principles governing appellate courts in considering the adequacy of findings to dispose of issues and support a judgment it is a general rule that 'Even though a finding might have been more clearly phrased, it is sufficient if its language is clear enough to indicate what the court intended; and if there are findings sufficient to support the judgment, they are not vitiated by the unintelligibility of others. ■ Any uncertainty in the findings will be construed so as to support the judgment rather than to defeat it.' ■ . . . It is also to be noted that while full findings are required upon all material issues a judgment will not be set aside on appeal because of a failure to make an express finding upon an issue if a finding thereon, consistent with the judgment, results by necessary implication from the express findings which are made.'' (*Richter* v. *Walker,* 36 Cal.2d 634, 639, 640 [226 P.2d 593].)

Until 1956 there was no claim that the area embraced within the platted street in question was not subject to use for street purposes, and no objection had been made to its use for those purposes. Up to that time, according to the evidence, it had been used as a roadway for 41 years; road improvements thereon had been made during a period of 25 years; and the defendants and their predecessors in interest had acquiesced in such use and improvements.

■ The contention of the defendants, based on their interpretation of the provisions of section 748.5 of the Code of Civil Procedure, that the use relied upon to establish an implied acceptance was insufficient because it did not occur within 25 years after the offer of dedication was made by the 1888 map, does not take into consideration the fact that the acceptance in question occurred before section 748.5 was adopted in 1955. By the latter year the subject dedication had been completed. ■ If applied to the instant case, the code section relied upon would terminate a right existing under the law prior to its passage and, under the rule that, because of constitutional inhibitions, ''any statute which affects a vested right cannot be given retrospective operation'' (*Estate of Thramm,* 80 Cal.App.2d 756, 765 [183 P.2d 97]; *Jones* v. *Union Oil Co.,* 218 Cal. 775, 778 [25 P.2d 5]), it is inapplicable. ■ Furthermore, although the section in question purports to be procedural in nature, in that it raises

a conclusive presumption from stated facts, nevertheless it is substantive in character, because the legal effect of past events would be changed by its application, and under these circumstances it "will be construed to operate only in futuro unless the legislative intent to the contrary clearly appears." (*Aetna Cas. & Surety Co.* v. *Industrial Acc. Com.*, 30 Cal.2d 388, 394 [182 P.2d 159] ; see also *In re Cate*, 207 Cal. 443, 448 [279 P. 131] ; *Pignaz* v. *Burnett*, 119 Cal. 157, 160 [51 P. 48].) It does not clearly appear from section 748.5 that its provisions cover a situation such as that presented by the case at bar, and the contentions of the defendant in reliance thereon must be rejected.

The foregoing conclusions also dispose of the defendants' contentions based upon the allegedly controlling effect of the 1953 adoption of a zoning map by the city council of Palm Springs which did not delineate West Sunny Dunes Road thereon, and the provisions of section 65551 of the Government Code, the counterpart of which was adopted in 1947, that prohibit the acquisition of a street by dedication "until its location, purpose and extent have been submitted to and reported upon by the planning commission having jurisdiction." Before the zoning map in question had been adopted and before the subject Government Code section had been enacted, the offer to dedicate West Sunny Dunes Road had been accepted by the public through use. Their immateriality to the instant case is obvious.

The further contention that the adoption of the zoning map constituted a "quasi-judicial" determination that West Sunny Dunes Road did not exist, and may not be attacked collaterally by the plaintiffs, is based upon the false premise that the city council of the City of Palm Springs is vested with judicial authority to adjudicate the status of contested property rights. Such a function is without the authority conferred upon the city council by the zoning laws.

The contention that the trial court erred in not making the adjoining owners, i.e., the Hawthornes, parties to the action also is without merit. Whatever might be their rights in the subject roadway, their inclusion in the instant action was not indispensable to a determination of the controversy between the plaintiffs and the defendants; their rights or obligations were not involved; and the court was not required to order that they be made parties. (*Bank of California* v. *Superior Court*, 16 Cal.2d 516, 520-526 [106 P.2d 879] ; *Burns*

v. *Ross*, 190 Cal. 269, 272 [212 P. 17] ; *Goldsworthy* v. *Dobbins*, 110 Cal.App.2d 802, 807 [243 P.2d 883].)

The defendants further contend that the judgment should be reversed because the action was not properly brought by the plaintiffs; that the maintenance of an obstruction in a public highway constitutes a public nuisance; that proceedings to abate the same may not be instituted by a private person unless he has suffered special injury as a result thereof; and that the plaintiffs have shown no special injury in the instant case because they have access to and from their property over other adjoining streets. This contention ignores the fact that the plaintiffs own property which abuts upon West Sunny Dunes Road. ▇▇▇ An owner of land has a right of access to and from his property via an abutting street which constitutes an easement that he enjoys as an incident of this ownership that "is separate and distinct from the right of the general public in and to the street" (*People* v. *Russell*, 48 Cal.2d 189, 195 [309 P.2d 10] ; *Rose* v. *State of California*, 19 Cal.2d 713, 726-728 [123 P.2d 505]) ; extends along the same in both directions to the next intersecting street (*Bacich* v. *Board of Control*, 23 Cal.2d 343, 354 [144 P.2d 818]) ; and exists whether he does or does not own the fee in the street. (*Fairchild* v. *Oakland & Bay Shore Ry. Co.*, 176 Cal. 629 [169 P. 388].) ▇▇▇ Of necessity such easement includes his right that the general public may use this means of access to and from his property. The plaintiffs do not seek to abate a public nuisance. Their action is directed to the preservation of the private easement which is an incident to their ownership of the land abutting the subject street. This distinction was not considered in the cases relied upon by the defendants in support of their position, i.e., *Bigley* v. *Nunan*, 53 Cal. 403, *Robas* v. *Allison*, 146 Cal.App.2d 716 [304 P.2d 163], and *Squaw Valley Land etc. Co.* v. *Avery*, 142 Cal.App.2d 820 [299 P.2d 287] and, therefore, the decisions therein are not controlling. ▇▇▇ The defendants completely obstructed the southerly portion of West Sunny Dunes Road and thereby caused a substantial interference with the plaintiffs' easement, giving rise to a cause of action. (*Rose* v. *State of California*, *supra*, 19 Cal.2d 713, 728.) Under these circumstances, the right of the plaintiffs to maintain the instant action is fully supported by the authorities relied upon by them, i.e., *Strong* v. *Sullivan*, 180 Cal. 331, 333 [181 P. 59, 4 A.L.R. 343], *Cushing-Wetmore Co.* v. *Gray*, 152 Cal. 118, 122-123 [92 P. 70, 125 Am.St.Rep. 47], and *Fitzgerald* v.

*Smith, supra,* 94 Cal.App. 480, 484. (*Cf. Rose* v. *State of California, supra,* 19 Cal.2d 713, 727; *Lane* v. *San Diego Elec. Ry. Co.,* 208 Cal. 29, 34 [280 P. 109]; *Marshall* v. *Standard Oil Co.,* 17 Cal.App.2d 19, 29 [61 P.2d 520].)

The defendants complain that the trial court limited the width of the subject road to the 23-foot strip which they now occupy by the obstructions in question. The determination of the court is clearly expressed in its conclusions of law wherein it is stated that the 23-foot strip "is a *portion* of a public street commonly known as West Sunny Dunes Road." (Italics ours.) ▪▪▪ The parties, through their pleadings, restricted the instant adjudication to the 23-foot strip obstructed by the defendants and cannot complain that the judgment does not extend beyond the issues thus presented.

The plaintiffs contend that, in any event, under the pleadings, the evidence, and the findings of the court, the conclusions that West Sunny Dunes Road is an existing street is established by application of the principles of dedication through adverse use or acquiescence. There is merit to this contention. (*Union Transp. Co.* v. *County of Sacramento, supra,* 42 Cal.2d 235, 240-243; *Morse* v. *Miller,* 128 Cal.App. 2d 237, 244-248 [275 P.2d 545]; *People* v. *Sayig, supra,* 101 Cal.App.2d 890, 897.) However, the defendants counter with the objection that such a contention is based on a theory raised for the first time on appeal because it was not included within the issues as defined by the pretrial conference order. In view of our conclusion on the issue of dedication through an offer by recordation of a map and acceptance by use, it is not necessary that we give further consideration to the subject.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 27, 1962.