[Civ. No. 24897. First Dist., Div. Two. Mar. 17, 1969.]

R. A. PARIS et al., Plaintiffs and Appellants, v. COUNTY OF SANTA CLARA et al., Defendants and Respondents.

Joseph G. Schumb, Jr., and Edward R. LaCroix for Plaintiffs and Appellants.

John R. Kennedy, County Counsel, Donald J. Baker, Deputy County Counsel, Edwin J. Moore, City Attorney, and M. Van Smith, Assistant City Attorney, for Defendants and Respondents.

SHOEMAKER, P. J.—Plaintiffs R. A. Paris and Edith Paris appeal from a judgment entered in an inverse condemnation action in favor of defendants City of Santa Clara and County of Santa Clara, which action sought damages for the taking of a 15-foot strip of plaintiffs' property for street widening purposes.

The facts are without dispute. On July 5, 1956, plaintiffs purchased a parcel of real property adjoining Stevens Creek

Boulevard in Santa Clara. On January 9, 1939, a prior owner of the property in question had filed with defendant county a subdivision map containing an offer to dedicate for street purposes a 15-foot strip of land which adjoined and ran parallel to Stevens Creek Boulevard. The offer of dedication was rejected by defendant county on January 9, 1939.

Prior to the purchase of the property by plaintiffs, the strip had been fenced off and had never been used for highway purposes. Plaintiffs paved the strip and utilized it as a parking lot.

On January 27, 1964, the board of supervisors of defendant county passed a resolution accepting the 1939 offer of dedication, which resolution was recorded on February 11, 1964. Plaintiffs became aware of defendant county's action when highway construction began on July 6, 1965, and they commenced the instant action on December 1, 1965, after having unsuccessfully filed written claims with defendant city and defendant county.

During the trial, the controversy between the parties centered upon the proper construction to be accorded two statutes: section 11616 of the Business and Professions Code and section 748.5 of the Code of Civil Procedure.

Section 11616 is contained within the Subdivision Map Act (Bus. & Prof. Code, §§ 11500-11640) which was enacted in 1937 and which concerns all real property which is divided for the purpose of sale or lease by any subdivider into five or more parcels within any one-year period (see specific exemptions contained in section 11535). Section 11616 pertains to terminations of dedication offers made by subdivision map and provides in pertinent part as follows: "If at the time the final map is approved any streets . . . are rejected, *the offer of dedication shall remain open* and the governing body may by resolution *at any later date,* and without further action by the subdivider, rescind its action and accept and open the streets . . . for public use, which acceptance shall be recorded in the office of the county recorder; provided, however, that if said offer of dedication has never been accepted, the right to accept said offer as to all or any of the streets . . . shown on the map may be terminated and abandoned in the same manner as is prescribed for the abandonment or vacation of streets or highways by Part 3, Division 9, or by Chapter 2, Division 2, of the Streets and Highways Code, whichever is applicable." (Italics added.)

Section 748.5 of the Code of Civil Procedure, which was

enacted in 1955, provides that: "Whenever a proposal to dedicate land for public improvement has been heretofore or hereafter made by map only, without any acceptance of the dedication being endorsed thereon, and the land has not been used for the purpose for which the dedication was proposed for a period of 25 years, and the property has been subsequently sold to a third person, after the filing of the map, and used as if free of the dedication, *there is a conclusive presumption that the proposed dedication was not accepted,* and in a suit to quiet title to such land naming the governmental agency to which the dedication was made by map as defendant, the decree in favor of the plaintiff shall clear the title of the proposed dedication and remove the cloud created by the proposed dedication." (Italics added.)

At the trial, plaintiffs took the position that they fell squarely within the purview of section 748.5 in that on January 9, 1939, offer of dedication was made by map only. The offer was not accepted but was rejected the same day, the property was sold to a third person after the filing of the map, and no acceptance of the offer of dedication was made until more than 25 years had elapsed without the property having been used for highway purposes. Defendants, although conceding that more than 25 years had elapsed between the making of the offer of dedication and defendant county's purported acceptance thereof, contended that Business and Professions Code, section 11616, rather than Code of Civil Procedure, section 748.5, was controlling, and that under the former section the acceptance was properly made. The court agreed with defendants and entered judgment accordingly.

Defendants take the position on appeal that the judgment in their favor must be upheld for two reasons: (1) Code of Civil Procedure, section 748.5, was never intended by the Legislature to apply to offers of dedication governed by section 11616 of the Business and Professions Code, and (2) assuming that it does apply to such offers of dedication, the trial court was correct in concluding that the conclusive presumption created by Code of Civil Procedure, section 748.5, inures only to the benefit of a property owner who commences a quiet title action after the passage of 25 years during which the property has not been used for the purpose for which it was offered for dedication *and* before the governmental agency accepts the offer of dedication.

Defendants first point out that Business and Professions Code, section 11616, has been judicially construed as abrogat-

ing the common law rule whereby an offer of dedication might be revoked by express revocation or reconveyance of the property to a third party without reservation (*County of Orange* v. *Cole* (1950) 96 Cal.App.2d 163, 170 [215 P.2d 41]), and that the offer remains open indefinitely and may be accepted at any later date. (*Galeb* v. *Cupertino Sanitary Dist.* (1964) 227 Cal.App.2d 294, 302 [38 Cal.Rptr. 580].) The methods of terminating the right to accept an offer of dedication which are referred to in section 11616 and prescribed by the Streets and Highways Code are dependent upon the exercise of discretion on the part of the public agency. (Sts. & Hy. Code, §§ 954, 956.8, 959, 960.2, 8320.)

Defendants next assert that Code of Civil Procedure, section 748.5, was intended to apply exclusively to common law dedications and that all proposed dedications which are governed by the provisions of the Subdivision Map Act cannot be considered offers to dedicate ''by map'' within the meaning of section 748.5. Defendants observe that the Legislature amended Business and Professions Code, section 11616, in 1955, the same year when Code of Civil Procedure, section 748.5, was enacted, and they reason that if the Legislature had intended section 748.5 to be applicable to map dedications within the Subdivision Map Act, it would have amended section 11616 to so provide. We are not persuaded by this argument, since it is equally reasonable to assume that if the Legislature had intended section 748.5 to be *in*applicable to dedications governed by the Subdivision Map Act, it would not have used the general language ''by map'' in section 748.5, and would have stated ''by a map which was not filed in accordance with the Subdivision Map Act.''

Defendants also assert that the Legislature's intent that Code of Civil Procedure, section 748.5, not apply to dedications within the Subdivision Map Act is evidenced by the fact that section 748.5 refers to dedications by map only, ''without any acceptance of the dedication being endorsed thereon. . . .'' Defendants apparently reason that the use of this language shows that section 748.5 recognizes no other method of acceptance of a dedication by map other than by endorsement on the map. It follows, according to defendants, that the section could not have been intended to apply to dedications governed by the Subdivision Map Act because Business and Professions Code, section 11616, specifically authorizes acceptance by resolution following an initial rejection of the offer of dedication. The fallacy in this argument is that Code of Civil

Procedure, section 748.5, does *not* provide that acceptance of a map dedication can be made only by endorsement on the map, but merely provides that the lack of such endorsement on the map is one of the conditions precedent which a property owner must establish in order to avail himself of the conclusive presumption of nonacceptance created by that section.

Defendants also argue that the application of section 748.5 to offers of dedication governed by the Subdivision Map Act will result in clouds on title. We can find no validity in this contention. In explanation of their position, defendants initially point out that a conveyance of property abutting a street normally includes the property to the center of the street, and title to a street which had been offered for dedication would therefore pass to the grantee of the property abutting the street. However, defendants contend that title to storm drain easements or to alleys or paths which were subject to offers of dedication would not pass with a conveyance of the property to which they were appurtenant, and, according to defendants, would provide a fertile field for litigation, since they would arguably revert to the original dedicator in the event that they were not accepted or used by the public entity for a period of 25 years. This argument is clearly meritless since Code of Civil Procedure, section 748.5, applies only when the property has been sold to a third person following the original offer of dedication. Where, as hypothesized by defendants, the dedicator retained title to the storm drain easement or alley, he obviously would not fall within the purview of the section.

Defendants contend that the policies of the Subdivision Map Act and section 748.5 conflict. Specifically, defendants argue that the Subdivision Map Act is designed to protect the rights of the individual lot owners of the subdivision to an easement in the use of the streets depicted upon the subdivision map, and that the purpose of section 748.5 is to permit transferees of the original dedicator to clear their title. It is argued that if section 748.5 is applied to dedications within the Subdivision Map Act, these individual lot owners would be deprived of their easements by an action to quiet title brought by the dedicator's transferee. However, it is clear that section 748.5 only inures to the benefit of transferees of the dedicator who own the property at the time they seek to quiet title. Hence, if the transferee has sold lots to individual owners, he lacks standing to bring such an action under the statute.

Defendants contend that the purpose of section 748.5 is to

remove uncertainty concerning when a "reasonable time" in which the public entity may accept a common law dedication by user has elapsed. Defendants point out variances in the findings of the courts as to what constitutes a reasonable time for such acceptance. It is concluded that section 748.5 is intended to apply to common law dedications only. However, this is not the only purpose which could be attributed to section 748.5. It is equally possible that section 748.5 was intended to discourage long periods of public nonuse and failure to accept proposed dedications, both common law and statutory in character. The failure of section 748.5 to exempt maps coming within the Subdivision Map Act indicates that the latter purpose is a more logical selection.

Defendants next assert that offers of dedication governed by the Subdivision Map Act are not "by map only" within the meaning of section 748.5 because the Subdivision Map Act requires, pursuant to Business and Professions Code, section 11590, a certificate containing the offer of dedication. However, since Business and Professions Code, sections 11585 and 11610, require that such certificate "appear on the final map" and be filed therewith, it is apparent that the certificate in question is, for all intents and purposes, a part of the map and that the addition of the certificate does not justify the conclusion that the dedication is being made other than "by map." Defendants' reliance upon *Corey* v. *City of San Diego* (1958) 163 Cal.App.2d 65, 71 [329 P.2d 99], does nothing to improve their position, since that case merely held that Code of Civil Procedure, section 748.5, was inapplicable where the dedication was accomplished by court decree rather than by any voluntary offer of dedication.

In the light of the foregoing, it is our opinion that defendants have not succeeded in demonstrating any valid basis for holding Code of Civil Procedure, section 748.5, inapplicable to offers of dedication governed by the Subdivision Map Act. The language of section 748.5 wherein reference is made to a "conclusive presumption" of nonacceptance by the governmental entity reflects the intent of the Legislature that the public entity be precluded from proving an acceptance of the dedication 25 years after the original filing of the map containing the offer of dedication if there has been a subsequent sale of the property to a third party and the property has never been utilized for the purpose for which the dedication was proposed. Although it is doubtless true that common law offers to dedicate may result in long

periods of nonuse of the subject property, defendants have suggested no reason why dedications governed by the Subdivision Map Act are any less productive of this result. It would therefore appear that the legislative intent behind the enactment of section 748.5 would best be served by holding it applicable both to common law dedications by map and dedications governed by the Subdivision Map Act.

It remains to be determined whether the trial court was correct in concluding that even though section 748.5 does apply to dedications within the Subdivision Map Act, plaintiffs were not entitled to the benefit of the conclusive presumption of nonacceptance because they failed, upon the expiration of the 25-year period of nonuse, to commence a quiet title action *before* defendant county passed a resolution accepting the 1939 offer of dedication.

The language of section 748.5 states that upon expiration of the 25-year period and the fulfillment of the other conditions specified, ''there is a conclusive presumption that the proposed dedication was not accepted, and in a suit to quiet title . . . the plaintiff shall clear the title of the proposed dedication and remove the cloud created by the proposed dedication.'' The statute does *not* state that the conclusive presumption arises only in the event the plaintiff commences a quiet title action but provides that it shall arise upon the expiration of the 25-year period *and* that the plaintiff may bring a quiet title action and avail himself of such presumption. The statute fails to enumerate any circumstances under which the conclusive presumption, once having arisen, may be overcome, and it would seem axiomatic that such result could not be accomplished through an attempt by the governmental entity, once the 25-year period has elapsed, to perform the very act, acceptance of the offer of dedication, against which the presumption operates. Since the section does create a conclusive presumption upon the expiration of the 25-year period and since it is well settled that no language in a statute can be presumed to be without meaning or purpose (*City of Coronado* v. *San Diego Unified Port Dist.* (1964) 227 Cal.App.2d 455, 466-467 [38 Cal.Rptr. 834]), we are satisfied that a governmental entity may not avoid the effect of the conclusive presumption merely by undertaking to accept an offer of dedication more than 25 years after it was made but prior to the commencement of suit by the property owner.

The sole question remaining is whether a property owner who meets all the other requirements of section 748.5, as do

plaintiffs, but who commences an action in inverse condemnation rather than a quiet title action, loses his right to rely upon the conclusive presumption of nonacceptance by the governmental entity. Such a distinction would be arbitrary and unreasonable, and it is the rule that where two possible interpretations of a statute are presented, the court should adopt the interpretation producing the most reasonable result. (*Hidden Valley Municipal Water Dist.* v. *Calleguas Municipal Water Dist.* (1961) 197 Cal.App.2d 411, 419 [17 Cal.Rptr. 416].) Moreover, as above noted, the statute contains no language indicating an intent that the presumption apply only in a quiet title action or that the existence of the presumption is in any way dependent upon the bringing of such an action. That portion of the statute which creates the presumption is separated by a comma from the provision pertaining to the bringing of a quiet title action, and this separation of the two clauses suggests a legislative intent that the presumption shall exist independently of the authorized quiet title action and, hence, that the presumption obtains although the action is not to quiet title. While not controlling, punctuation is to be considered in the interpretation of a statute. (*Duncanson-Harrelson Co.* v. *Travelers Indem. Co.* (1962) 209 Cal.App.2d 62, 66 [25 Cal.Rptr. 718].) This construction clearly does not leave the second clause without meaning, since express statutory authorization of quiet title actions, as such, is not unknown to the Legislature. (See Pub. Resources Code, § 6461.) We confidently assume that the Legislature intended the latter clause of the section as merely explanatory of the rights of the owner to quiet title and the earlier clause to operate independently. Since this interpretation is both reasonable and entirely consonant with the language of the section, it would appear that the bringing of a quiet title suit ought not to be held a prerequisite to a property owner's right to rely upon the conclusive presumption and that the plaintiffs in the instant action were not deprived of its benefits merely because they elected to bring an inverse condemnation action.

Defendants make some attempt to suggest that the abovementioned construction of section 748.5 is inappropriate because the section is contained within a Code of Civil Procedure chapter entitled "Actions to Determine Conflicting Claims to Real Property, and Other Provisions Relating to Actions Concerning Real Estate." (Pt. 2, tit. 10, ch. III, Code Civ. Proc.) This argument may be disposed of

summarily, since it has been held that chapter headings may not be considered in construing a statute contained therein. (*People* v. *Moore* (1964) 229 Cal.App.2d 221, 228 [40 Cal. Rptr. 121].) ■ In any event, it is elemental that a quiet title action is not the sole vehicle for the determination of conflicting claims to real property and that various other actions also concern real estate.

The judgment is reversed.

Agee, J., and Taylor, J., concurred.

The petition of respondent City of Santa Clara for a hearing by the Supreme Court was denied May 14, 1969.