50 Cal.Rptr.3d 719 (2006)
144 Cal.App.4th 767
A.J. WRIGHT et al., Plaintiffs and Appellants,
v.
CITY OF MORRO BAY, Defendant and Respondent.
No. B176929.
Court of Appeal of California, Second District, Division Six.
November 7, 2006.
*721 William S. Walter, for Plaintiffs and Appellants.
Cumberland, Coates & Duenow LLP, David M. Cumberland, Kevin R. Anderson, San Luis Obispo, for Defendant and Respondent.
*720 PERREN, J.
A.J. Wright and Dan Reddell (collectively "Wright") allege they are the fee owners of a portion of a dedicated street abutting their property because the street was never opened or used for a public purpose. Wright appeals from a judgment of dismissal following an order sustaining respondent City of Morro Bay's (City) demurrer to his first amended complaint without leave to amend. The face of the complaint shows that City accepted the offer of dedication and that no abandonment occurred. We affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
The material facts are not in dispute. Wright owns a parcel of real property in the City within the "Cerritos Addition," a subdivision created in 1888. Wright's lot is adjacent to a roadway depicted on the subdivision map as "Jordan Terrace." The City formally accepted Jordan Terrace into its system of public streets in 1935. At the time Wright purchased his lot in 2003, Jordan Terrace was not, and never had been, used as a public street or for any other public purpose.
Wright filed a complaint to quiet title to that portion of Jordan Terrace extending from the boundary of his lot to the centerline of the street. He asserts he possesses fee title to the property because the City failed in a timely manner to formally accept the offer of dedication or improve and use Jordan Terrace as a public street.
The City filed a demurrer to Wright's first amended complaint. Wright countered with a motion for summary judgment. The trial court sustained the City's demurrer without leave to amend and dismissed the summary judgment motion as moot.

DISCUSSION

Standard of Review
On appeal from a judgment of dismissal entered after a demurrer has been sustained without leave amend, we accept the factual allegations of the complaint as true and review the pleading de novo to determine whether the facts as pleaded state a cause of action. (Aubry v. Tri-City Hospital Dist. (1992) 2 Cal.4th 962, 966-967, 9 Cal.Rptr.2d 92, 831 P.2d 317.) "If there is a reasonable possibility that the defect in a complaint can be cured by amendment, it is an abuse of discretion to sustain a demurrer without leave to amend. [Citation.] The burden is on the plaintiff, however, to demonstrate the manner in which the complaint might be amended." (Hendy v. Losse (1991) 54 Cal.3d 723, 742, 1 Cal.Rptr.2d 543, 819 P.2d 1.)

Jordan Terrace Remains Dedicated to the Public
California adopted its first statute governing the creation and dedication of subdivisions in 1893, five years after the creation of the Cerrito Addition and offer *722 to dedicate Jordan Terrace. (See Gardner v. County of Sonoma (2003) 29 Cal.4th 990, 1000, 129 Cal.Rptr.2d 869, 62 P.3d 103.) We therefore apply the rules governing common law subdivisions. (McKinney v. Ruderman (1962) 203 Cal.App.2d 109, 116, 21 Cal.Rptr. 263.) Under the common law, the act of filing for record a map of property showing lots separated by defined areas named as streets constitutes an offer to dedicate the street to public use. (San Francisco Sulphur Co. v. County of Contra Costa (1929) 207 Cal. 1, 6, 276 P. 570; Eltinge v. Santos (1915) 171 Cal. 278, 282, 152 P. 915; Niles v. City of Los Angeles (1899) 125 Cal. 572, 577, 58 P. 190.) Where a private road has been offered for public dedication, that offer may be accepted either by formal action of the public entity or by public use. (Hanshaw v. Long Valley Road Assn. (2004) 116 Cal. App.4th 471, 477, 11 Cal.Rptr.3d 357.) Here, it is undisputed that an offer of dedication was made in 1888 by the filing of the subdivision map, that the offer was not withdrawn, that the City adopted a resolution accepting the offer in 1935, and that the road has not been used since the offer of dedication was made. In other words, Jordan Terrace continues to. exist only upon paper.
Wright bases his claim of ownership on the conclusive presumption found in Code of Civil Procedure section 771.010 and its predecessor, section 748.5.[1] Section 771.010 states: "If a proposal is heretofore or hereafter made to dedicate real property for public improvement, there is a conclusive presumption that the proposed dedication was not accepted if all of the following conditions are satisfied:
"(a) The proposal was made by filing a map only.
"(b) No acceptance of the dedication was made and recorded within 25 years after the map was filed.
"(c) The real property was not used for the purpose for which the dedication was proposed within 25 years after the map was filed.
"(d) The real property was sold to a third person after the map was filed and used as if free of the dedication."
Wright's reliance on this statute is misplaced for at least two reasons. Section 771.010's predecessor, former section 748.5, was enacted in 1955, 20 years after the City formally accepted the offer to dedicate Jordan Terrace. It is an accepted rule of statutory construction that, absent a clear indication to the contrary, a statute operates prospectively only. (See People v. Hayes (1989) 49 Cal.3d 1260, 1274, 265 Cal.Rptr. 132, 783 P.2d 719 [new statutes are "presumed to operate prospectively absent an express declaration of retroactivity or a clear and compelling implication that the Legislature intended otherwise"].) The statute involved here contains no declaration that it is to operate retroactively and we have been provided no extrinsic materials indicating such an intent.
Moreover, statutes that are substantive in nature, rather than procedural, may not be applied retroactively. Section 771.010 is substantive in nature because the legal effect of past events would be changed by its application. (McKinney v. Ruderman, supra, 203 Cal.App.2d at pp. 117-118, 21 Cal.Rptr. 263; see also Pebworth v. Workers' Comp. Appeals Bd. (2004) 116 Cal.App.4th 913, 918, 10 Cal. Rptr.3d 832.)
Wright cites Paris v. County of Santa Clara (1969) 270 Cal.App.2d 691, 76 Cal. *723 Rptr. 66 to support his assertion that the conclusive presumption of nonacceptance can be applied retroactively. Paris is factually inapposite. In that case, the county first rejected an offer of dedication in 1939 and then purported to accept it 25 years later. During the intervening years, the then-owners of the abutting parcel fenced the area, paved it and used it as a parking lot. The court held that the conclusive presumption could be applied to the offer and that the county's purported acceptance was not valid. (Id. at pp. 697-698, 76 Cal.Rptr. 66.) Here, Jordan Terrace has never been used as if it were privately owned. Moreover, Paris does not cite McKinney nor contain any other indication that the court considered the restrictions on applying a statute retroactively.
In addition, the first amended complaint does not allege that Jordan Terrace was used "as if free of the dedication." To the contrary, the first amended complaint alleges that Jordan Terrace has not been used for any purpose, public or private, since the 1888 offer to dedicate was made. Thus, Wright does not meet the fourth criteria essential for the statute's application.
Wright also argues the offer of dedication lapsed because the City did not accept it within a reasonable time and the City's failure to improve the street amounted to a de facto abandonment. These arguments fail for at least three reasons.
First, the offer was not withdrawn before it was accepted by formal resolution of the City and constitutes a completed dedication. (Tischauser v. City of Newport Beach (1964) 225 Cal.App.2d 138, 145, 37 Cal.Rptr. 141.)
Second, "[i]t is well settled ... that a public agency's mere nonuse of dedicated land does not show abandonment or give rise to an estoppel claim." (Scott v. City of Del Mar (1997) 58 Cal.App.4th 1296, 1304, 68 Cal.Rptr.2d 317; see also City of Imperial Beach v. Algert (1962) 200 Cal.App.2d 48, 51, 19 Cal.Rptr. 144; City of Sacramento v. Jensen (1956) 146 Cal.App.2d 114,123, 303 P.2d 549.)
Third, the procedure for abandoning or vacating a public street is statutory and exclusive. (Sts. & Hy.Code, § 8300 et seq.; and see County of San Diego v. Cal. Water etc. Co. (1947) 30 Cal.2d 817, 823, 186 P.2d 124 ["if the Legislature has provided a method by which a county or city may abandon or vacate roads, that method is exclusive"]; Ratchford v. County of Sonoma (1972) 22 Cal.App.3d 1056, 1070, 99 Cal.Rptr. 887 [same]; Gross v. City of San Diego (1932) 125 Cal.App. 238, 247,13 P.2d 820 [where strip of land had become a public way upon approval of map of subdivision, city could not subsequently divest itself of its easement except by appropriate proceedings taken in accordance with the law].)
Wright also takes issue with the form of judgment entered by the trial court, arguing that it does not declare the ownership interests of the parties. The argument is without merit. "When a demurrer has been sustained without leave to amend, the only judgment which properly may be entered is one dismissing the action." (Winter v. Rice (1986) 176 Cal. App.3d 679, 683, 222 Cal.Rptr. 340.) As aptly stated in Lechuza Villas West v. California Coastal Com. (1997) 60 Cal. App.4th 218, 242, 70 Cal.Rptr.2d 399, "The object of ... [a quiet title] action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to.... [I]f the plaintiff fails to show any legal interest in the property in controversy, and as to which *724 he asserts title, he must fail altogether, and could not complain of a judgment of nonsuit...."
Wright asserts the trial court erred in relying on the equitable doctrine of laches to support its ruling because the doctrine does not apply to a quiet title action. Assuming arguendo this statement is correct, it does not entitle Wright to reversal of the judgment. It is well-established that a judgment upon demurrer will be affirmed on appeal if any of the grounds stated in the demurrer are well taken. (Moseley v. Abrams (1985) 170 Cal.App.3d 355, 358, 216 Cal.Rptr. 40.) Here, the City's acceptance of the offer of dedication in 1935 vested title to Jordan Terrace in the City.
Wright's remaining assertionsthat title to the roadway devolved to him by operation of a long-defunct statute (Political Code, § 2620) and that the City breached a duty to open and maintain the roadare made without argument or citation to authority and we will not consider them further. (See, e.g., Unetco Industries Exchange v. Homestead Ins. Co. (1997) 57 Cal.App.4th 1459, 1469, 67 Cal. Rptr.2d 784 [bare claim unsupported by argument waives the issue].)
We note Wright is not without a remedy. He may petition the City to vacate the street following statutory procedures. (Sts. & Hy.Code, § 8300 et seq.; see, e.g., People v. City of San Rafael (1928) 95 Cal.App. 733, 738-739, 273 P. 138 [power of municipal authorities to vacate street in interest of safety, convenience and good of general public is not affected by fact that, as one of the incidents to its exercise, beneficial use or title to land abandoned may-revert to private parties].)
The judgment is affirmed. Respondent is to recover costs.
GILBERT, P.J., and COFFEE, J., concur.
NOTES
[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.